16-1298-cv
*Williams v. City of New York*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand seventeen.

PRESENT:   JOSÉ A. CABRANES,
           RICHARD C. WESLEY,
                   *Circuit Judges.*
           WILLIAM K. SESSIONS III,*
                   *District Judge.*

_____

TAMATA WILLIAMS,

           *Plaintiff-Appellant,*                          16-1298-cv

           v.

CITY OF NEW YORK, DEPUTY INSPECTOR JOHN
LEWIS, DETECTIVE PETER J. MANCERI, SHIELD #
4881, POLICE OFFICER MACKENSO NELSON, POLICE
OFFICER JOSEPH ZVONIK, POLICE OFFICER JOSEPH
BENTIVEGNA,

           *Defendants-Appellees.*

_____

---

\* Judge William K. Sessions III, of the United States District Court for the District of Vermont, sitting by designation.

1

FOR PLAINTIFF-APPELLANT:    O. Valentine Nnebe, Nnebe & Associates, P.C., Brooklyn, NY.

FOR DEFENDANTS-APPELLEES:  Deborah A. Brenner and Emma Grunberg *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Tamata Williams brought claims against the City of New York and various police officers (the "City Defendants"), as well as against two private citizens, Alphonso Williams (her estranged husband) and Naomi Hull (Alphonso's mother). Appellant alleged that she was arrested three times on the basis of false accusations by Hull. The two non-City defendants, Alphonso Williams and Hull, were served but never appeared, and a default judgment was entered against them. The City Defendants moved for summary judgment, which the District Court granted principally on the ground that Williams's arrests were supported by probable cause. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of summary judgment. *See Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013) (per curiam). Summary judgment must be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining whether a genuine dispute exists, "we must resolve all ambiguities and draw all inferences against the moving party." *Garcia*, 706 F.3d at 127. A party, however, cannot overcome summary judgment by relying on "mere speculation or conjecture as to the true nature of the facts" because "conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (quoting *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995)).

Appellant's false arrest claims against the City Defendants cannot succeed if there was probable cause (or, at a minimum, *arguable* probable cause) to arrest her. A claim for false arrest under section 1983, "resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York law." *Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir. 1996) (citation omitted). "The existence of probable cause to arrest . . . is a complete defense to an action for false arrest." *Id.* (internal quotation marks omitted). "[P]robable cause to arrest exists when the officers

2

have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Jenkins v. City of N.Y.*, 478 F.3d 76, 84 (2d Cir. 2007). "An arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with [a] crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity." *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995); *see also Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) ("Although a better procedure may have been for the officers to investigate plaintiff's version of events more completely, the arresting officer does not have to prove plaintiff's version wrong before arresting him. Nor does it matter that an investigation might have cast doubt upon the basis for the arrest." (citation omitted)).

Even without probable cause to arrest, "an arresting officer will still be entitled to qualified immunity from a suit for damages if he can establish that there was 'arguable probable cause' to arrest." *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004). "Arguable probable cause exists 'if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met.'" *Id.* (quoting *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991)); *see also Caldarola v. Calabrese*, 298 F.3d 156, 162 (2d Cir. 2002) (stating that "in situations where an officer may have reasonably but mistakenly concluded that probable cause existed, the officer is nonetheless entitled to qualified immunity." (citations omitted)). The test for qualified immunity is "more favorable to the officers than the one for probable cause." *Escalera*, 361 F.3d at 743.

The gravamen of Appellant's complaint is that Hull, pursuing a vendetta against Appellant, levied false accusations against her. We agree with the District Court that the circumstances known to the arresting officers in each of the three arrests did not "raise doubts as to [Hull's] veracity" such that the officers were unjustified in relying on Hull's accusations. *Singer*, 63 F.3d at 119. As the District Court noted, even assuming the arresting officers were aware of the bitter relationship between Appellant and Hull, "information indicating a history of animosity between [Appellant] and Hull supplied evidence of motive supporting the existence of probable cause." SA 9. Even taking account of the delay in reporting the incidents, which might naturally raise some doubts about Hull's complaints (particularly, perhaps, after the initial complaint, since resort to the authorities had already previously been made), the circumstances were certainly not so suspicious that the arresting officers lacked "arguable probable cause." *Escalera*, 361 F.3d at 743.

We also agree with the District Court that the malicious prosecution claims likewise fail because there was probable cause to charge Appellant and there is no evidence that "the criminal proceeding was instituted with actual malice." *Bermudez v. City of N.Y.*, 790 F.3d 368, 377 (2d Cir. 2015). As the District Court noted, further investigation appeared to bolster Hull's accusations. Although the charges were dismissed after Appellant's attorney provided additional information,

3

there is nothing in the record suggesting that this information was conveyed at an earlier time or otherwise known to the City Defendants.

## CONCLUSION

We have reviewed all of the remaining arguments raised by Appellant on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk